

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00506-CV

| | | |
|---|---|---|
| Kimberly Gafford | § | From the 352nd District Court |
| | § | of Tarrant County (352-259623-12) |
| v. | | |
| | § | February 15, 2013 |
| Quantum Servicing Corporation | § | Opinion by Justice McCoy |

## JUDGMENT ON REHEARING

After considering Kimberly Gafford's motion to vacate judgment on motion to rehear and reconsider, we deny the motion. We withdraw our January 17, 2013 opinion and judgment and substitute the following.

This court has again considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bob McCoy



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00506-CV

KIMBERLY GAFFORD                                        APPELLANT

V.

QUANTUM SERVICING                                  APPELLEE
CORPORATION

\-\-\-\-\-\-\-\-\-\-\-\-

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

\-\-\-\-\-\-\-\-\-\-\-\-

## MEMORANDUM OPINION[1] ON REHEARING

\-\-\-\-\-\-\-\-\-\-\-\-

We deny Appellant Kimberly Gafford's "Motion to Vacate Judgment on Motion to Rehear and Reconsider," but we withdraw our prior opinion and substitute the following in its place.

On October 18, 2012, the trial court granted Appellee Quantum Servicing Corporation's motion to compel discovery responses against Gafford, who

---

[1]*See* Tex. R. App. P. 47.4.

appeared pro se. Gafford then filed a motion for reconsideration, complaining that the trial court had also ruled in favor of Quantum Servicing Corporation on Gafford's motion for default judgment. The trial court denied Gafford's motion for reconsideration on December 12, 2012. Gafford then filed a notice of appeal, attempting to appeal "the Final Order enter[ed] on December 12, 2012, from the hearing date on November 15, 2012 on Motion to reconsideration [sic] base[d] on New information."

We notified Gafford of our concern that we lacked jurisdiction over the appeal because the order did not appear to be final or an appealable interlocutory order. *See* Tex. R. App. P. 42.3(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We informed Gafford that her appeal was subject to dismissal for want of jurisdiction unless she or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal. Gafford filed a response, but it did not show grounds for continuing the appeal, and we dismissed the appeal for want of jurisdiction on January 17, 2013. *See* Tex. R. App. P. 42.3(a), 43.2(f).

On January 28, 2013, Gafford filed her motion for rehearing in this case, arguing that when her motion for default judgment was denied, she had the right to appeal the denial of that motion. *Cf. Lehmann*, 39 S.W.3d at 195. *But see* Tex. R. Civ. P. 239; *Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 WL 2480141, at *1 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.) (op. on reh'g) ("If the defendant files an answer after the deadline to answer but before the trial

3

court considers a motion for default judgment, the court cannot render a default judgment."). Because her appeal of that interlocutory order was properly dismissed for want of jurisdiction, we deny her motion for rehearing. Nonetheless, we note that as the trial court disposed of the entirety of Gafford's case on January 31, 2013, our disposition here has no effect on any subsequent appeal that Gafford may bring through the timely filing of a notice of appeal from that January 31, 2013 order. *See* Tex. R. App. P. 26.1.

BOB MCCOY
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  February 15, 2013

4